UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-21542-CIV-BLOOM/OTAZO-REYES

MORGAN STANLEY SMITH BARNEY, LLC
and MORGAN STANLEY SMITH BARNEY
FINANCING, LLC,

    Petitioners,

v.

IZHAR SHEFER,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon the following submissions:

1. Petitioners Morgan Stanley Smith Barney, LLC ("MSSB" or "Morgan Stanley") and Morgan Stanley Smith Barney Financing, LLC's ("MSSB Financing") (together, "Petitioners" or "MSSB Entities") Petition to Confirm Arbitration Award (hereafter, "Petition to Confirm") [D.E. 1].[1]

2. Respondent Izhar Shefer's ("Respondent" or "Shefer") Motion to Vacate Arbitration Award ("Motion to Vacate") [D.E. 9].

3. Respondent's Motion for Leave to Amend Motion to Vacate ("Motion to Amend") [D.E. 30]; and proposed Amended Motion to Vacate [D.E. 30-1].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 10, 16]. The undersigned held a hearing on these matters on September 13, 2020 ("Hearing") [D.E. 31]. Having considered the pertinent portions of the record and having heard the argument of counsel, the undersigned

---

[1] MSSB is a securities broker-dealer. See Petition [D.E. 1 at 1].

RESPECTFULLY RECOMMENDS that Shefer's Motion to Amend [D.E. 30] be GRANTED and Shefer's Amended Motion to Vacate [D.E. 30-1] be DEEMED FILED as of September 13, 2022; that Shefer's Motion to Vacate and Amended Motion to Vacate [D.E. 9, 30-1] be DENIED; and that the MSSB Entities' Petition to Confirm [D.E. 1] be GRANTED.

## ARBITRATION PROCEEDINGS AND AWARD

On October 11, 2017, MSSB and Morgan Stanley Smith Barney FA Notes Holdings, LLC ("MSSB Notes") commenced arbitration proceedings before the Financial Industry Regulatory Authority ("FINRA") (hereafter, "FINRA Arbitration") with the filing of a Statement of Claim against Shefer, who had been employed by MSSB as a financial advisor from February 2011 through March 2017 [D.E. 1-2].[2] In the FINRA Arbitration, the MSSB Entities sought an award in the amount of $767,367.70, representing the total unpaid principal on eight promissory notes ("Notes") plus accrued interest to date, plus attorneys' fees and expenses. See Petition [D.E. 1 at 5]; Statement of Claim [D.E. 1-2]. Shefer had executed the Notes during his employment with MSSB. See Petition [D.E. 1 at 4]. As explained in the Statement of Claim:

> Concurrent with the execution of [each of the Notes], Respondent entered into a related Bonus Agreement ("Agreement") with Morgan Stanley, under which Morgan Stanley agreed to make payments to Respondent equivalent to the annual installments to be paid by Respondent under [each of the Notes], plus applicable interest. However, as set forth in each Agreement, no payment was to be due and payable unless Respondent continuously remained in the employment of Morgan Stanley through the date the payments became due and payable.

See Statement of Claim [D.E. 1-2 at 3 n.1].

In his Amended Answer and Counterclaim, Shefer asserted the following causes of action:

---

[2] The FINRA Award references an Amended Statement of Claim, asserting the same claims as the Statement of Claim, namely, breach of promissory notes. See FINRA Award [D.E. 1-1 at 1-2]. It appears that the purpose of the amendment was simply to add MSSB Financing as a party to the FINRA Arbitration upon MSSB's filing a Notice of Note Assignment. Id. at 4; see also Order [D.E. 1-7]. Therefore, the Statement of Claim [D.E. 1-2] is the operative pleading in the FINRA Arbitration.

retaliation, bad faith, constructive discharge, breach of covenant of good faith and fair dealing, violation of FINRA Rules 3110 and 3210, breach of contract, promissory estoppel, unjust enrichment, breach of FINRA Rule 2010, tortuous interference of advantageous business relationships and clients' relations, violation of the Broker Protocol, defamation (slander and libel) and defamation per se, and reckless internal investigations. See FINRA Award [D.E. 1-1 at 2]; Shefer's Amended Answer to Statement of Claim, Affirmative Defenses and Statement of Counterclaim (hereafter, "Amended Counterclaim") [D.E. 1-5 at 4-21].

After a period of discovery, the FINRA Arbitration Panel presided over hearing sessions held on: July 10, 12-17, and 21-22, 2021; January 4, 2022; and March 24, 2022. See Petition [D.E. 1 at 7]. During the July 16, 2021, session, Petitioners moved *ore tenus* for dismissal of Shefer's Counterclaim without prejudice, on the grounds that Shefer had engaged in "repeated delays" and had failed "to comply with numerous orders from the FINRA Panel." Id. Petitioners subsequently filed a motion to dismiss Shefer's Counterclaim with prejudice, which was granted pursuant to FINRA Rule 13212. Id. The dismissal was upheld, except as to Shefer's request for expungement of customers' complaints, which the Panel addressed on January 4 and March 24, 2022. Id. at 8. However, on April 1, 2022, the expungement request was dismissed without prejudice "as a sanction for [Shefer] failing to follow the Panel[']s order" [D.E. 1-10].

On April 13, 2022, the Panel issued the FINRA Award that the MSSB Entities seek to confirm and Shefer seeks to vacate [D.E. 1-1]. The FINRA Award provides as follows:

1. Respondent is liable for and shall pay to Claimants Morgan Stanley and Morgan Stanley Smith Barney Financing LLC the sum of $767,367.70 in compensatory damages.

2. Respondent is liable for and shall pay to Claimants Morgan Stanley and Morgan Stanley Smith Barney Financing LLC interest on the above-stated sum at the rate of 2.5% per annum from April 1, 2017, through and including the date of the Award.

3

    3. Respondent is liable for and shall pay to Claimants Morgan Stanley and Morgan Stanley Smith Barney Financing LLC the sum of $175,000.00 in attorneys' fees pursuant to the terms of the promissory notes.

    4. Respondent's Counterclaim is dismissed with prejudice.

    5. Respondent's request for expungement is dismissed without prejudice.

    6. Any and all claims for relief not specifically addressed herein are denied.

See FINRA Award [D.E. 1-1 at 5]. As more fully discussed below, the undersigned finds no basis for vacating the FINRA Award and respectfully recommends confirmation of the FINRA Award in its entirety.

## PROCEEDINGS IN THIS COURT

This action commenced on May 18, 2022, with the filing of the Petition to Confirm by the MSSB Entities [D.E. 1]. On July 12, 2022, Shefer filed his Motion to Vacate, which included his opposition to the Petition to Confirm [D.E. 9]. Upon referral of both matters, the undersigned scheduled the Hearing to address them jointly [D.E. 17]. On September 7, 2022, Shefer moved to continue the Hearing on the grounds that he had recently filed the Motion to Amend (which he had not) and that the MSSB Entities had moved to strike his Notices of Filing Additional Evidence in Support of Motion to Vacate Arbitration Award. See Motion to Continue [D.E. 23]; Motion to Strike [D.E. 22]. The MSSB Entities opposed continuance of the Hearing, arguing that Shefer had failed to show good cause for the requested continuance and that they were confident that any issues related to the not yet filed Motion to Amend could be adequately addressed at the Hearing. See Response to Motion to Continue [D.E. 25]. Thereafter, the undersigned denied the Motion to Continue [D.E. 26]; and Shefer filed his Motion to Amend shortly before the Hearing [D.E. 30].[3]

---

[3] The undersigned addressed the Motion to Strike at the Hearing and subsequently issued an Order granting the MSSB Entities' alternative request that two of the Notices of Filing Additional Evidence in Support of Motion to Vacate Arbitration Award be sealed. See Paperless Order [D.E. 31], sealing D.E. 19 and D.E. 20.

At the Hearing, the parties agreed that the proposed Amended Motion to Vacate presented the same arguments as the original Motion to Vacate, so that both Motions could be addressed as one at the Hearing. Given these procedural facts, the undersigned recommends that the Motion to Amend be granted and Shefer's similar arguments in his two submissions be addressed jointly.

## APPLICABLE LAW

The Federal Arbitration Act ("FAA") provides that: "[A]ny party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The FAA "imposes a heavy presumption in favor of confirming arbitration awards." Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1288 (11th Cir. 2002); see also Frazier v. CitiFinancial Corp., LLC, 604 F.3d 1313, 1321 (11th Cir. 2010) ("[F]ederal courts should defer to an arbitrator's decision whenever possible.") (citation and internal quotations omitted).

The FAA limits vacatur of an arbitration award to four grounds:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. In his Motion to Vacate and Amended Motion to Vacate, Shefer invokes only two of these statutory grounds, arguing that the FINRA Award was procured by undue means and that the FINRA Arbitration Panel exceeded their powers. As discussed below, the undersigned finds

5

no merit in Shefer's arguments.[4]

## DISCUSSION

### 1. *The FINRA Award was not procured by undue means.*

As stated in Liberty Sec. Corp. v. Fetcho, 114 F. Supp. 2d 1319 (S.D. Fla. 2000), a case relied upon by both the MSSB Entities and Shefer: "The term 'undue means' must be read in conjunction with the words 'fraud' and 'corruption' and thus requires proof of intentional misconduct." Id. at 1321. Given this standard,

> The Eleventh Circuit follows a three-part test to determine whether an arbitration award has been obtained by fraud or undue means: (1) Plaintiff must produce clear and convincing evidence (2) of fraud that was undiscoverable through the exercise of due diligence at arbitration (3) which materially related to an issue in the arbitration.

Id. at 1322 (citing Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir. 1988)). Put another way:

> Undue means, warranting a vacatur of award, include measures equal in gravity to bribery, corruption, or physical threat to an arbitrator; "no court has ever suggested that the term 'undue means' should be interpreted to apply to the submission of evidence that is merely legally objectionable."

Id. at 1321-22 (quoting American Postal Workers Union, AFL–CIO v. United States Postal Serv., 52 F.3d 359, 362 (D.C. Cir. 1995)).

Here, Shefer's only ground for obtaining vacatur of the FINRA Award based on "undue means" is predicated on evidence related to Matthew Singer ("Mr. Singer"), another MSSB financial advisor with whom Shefer was partnered. According to Shefer, the MSSB Entities "inappropriately" withheld from him the following evidence:

1) Morgan Stanley's internal investigation report conducted by its Operation's Manager, Melissa Wagner ("Missy") and Morgan Stanley's In-house Counsel

---

[4] Shefer also challenged the FINRA Award on public policy grounds, but withdrew that challenge at the Hearing, given the Eleventh Circuit's holding that "judicially-created bases for vacatur are no longer valid[.]" Frazier, 604 F.3d at 1324 (citing Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 586 (2008)).

> on Mr. Singer's wrongdoings, which were directly related to the matter in controversy;
>
> 2) Mr. Singer's complete disciplinary record and file containing all complaints (in any form) ever made against him by a client while employed at Morgan Stanley; and
>
> 3) Morgan Stanley's proof of filing copy of the investigation report and its findings on Mr. Singer with FINRA.

See Am. Motion to Vacate [D.E. 30-1 at 11-12].  However, Shefer has failed to produce "clear and convincing evidence" that the MSSB Entities committed any "fraud that was undiscoverable through the exercise of due diligence at arbitration." Liberty Sec. Corp., 114 F. Supp. 2d at 1322.  Instead, Shefer merely claims, without support, that the MSSB Entities "engaged in a war against producing anything that had to do with Mr. Singer." See Am. Motion to Vacate [D.E. 30-1 at 12].[5]

Therefore, Shefer has failed to meet the standard for showing that the FINRA Award was procured by undue means.

### 2. The FINRA Arbitration Panel did not exceed their powers.

A party contending that arbitrators exceeded their powers must overcome a "high hurdle." Stolt–Nielsen S.A. v. Animal Feeds Int'l Corp., 559 U.S. 662, 671 (2010).  "Only if 'the arbitrator act[s] outside the scope of his contractually delegated authority' – issuing an award that 'simply reflect[s] [his] own notions of [economic] justice' rather than 'draw[ing] its essence from the contract' – may a court overturn his determination." Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013) (citation omitted).

Shefer argues that the FINRA Arbitration Panel exceeded their powers when they dismissed his Counterclaim with prejudice as a sanction pursuant to FINRA Rule 13212, which provides that an arbitrations panel "may dismiss a claim, defense or arbitration with prejudice as

---

[5] Notwithstanding this categorical claim, Shefer admits that the MSSB Entities did produce evidence of customer complaints against him and Mr. Singer. Id. at 12 n.12.

7

a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective." See FINRA Rule 13212(c), available at https://www.finra.org/rules-guidance/rulebooks/finra-rules/13212.

Here, the FINRA Arbitration Panel explained its decision as follows:

Upon Claimants' motion, the Panel dismissed Respondent's Counterclaim with prejudice as a sanction. The Panel is mindful of the significance of the dismissal of Respondent's Counterclaim with prejudice as a sanction pursuant to FINRA Rule 13212. The Panel found the dismissal justified in light of the amount of orders disregarded before and during the hearing, the unpredictable actions of Respondent's counsel during the hearing, and the need for excessive executive sessions resulting therefrom.

See FINRA Award [D.E. 1-1 at 5].

In Pochat v. Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 12-22397-CIV, 2013 WL 4496548 (S.D. Fla. Aug. 22, 2013), the court considered whether a FINRA Arbitration Panel had exceeded their powers when they denied Pochat's request to strike Merrill Lynch's pleadings as a sanction for their late production. Id. at *11. After reviewing the applicable FINRA Rules, the Pochat court concluded that "the Panel could not have exceeded its powers, since the FINRA rules, which govern the arbitration proceeding in this case, explicitly leave the matter of sanctions to the judgment of the arbitrators." Id. Applying the Pochat court's rationale, the undersigned similarly concludes that the FINRA Arbitration Panel did not exceed its authority when it found that dismissal of Shefer's Counterclaim pursuant to FINRA Rule 13212 was "justified in light of the amount of orders disregarded before and during the hearing, the unpredictable actions of Respondent's counsel during the hearing, and the need for excessive executive sessions resulting therefrom." See FINRA Award [D.E. 1-1 at 5].

Therefore, the FINRA Award is not subject to vacatur on the grounds that the FINRA Arbitration Panel exceeded their authority.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Shefer's Motion to Amend [D.E. 30] be GRANTED and Shefer's Amended Motion to Vacate [D.E. 30-1] be DEEMED FILED as of September 13, 2022; Shefer's Motion to Vacate and Amended Motion to Vacate [D.E. 9, 30-1] be DENIED; and the MSSB Entities' Petition to Confirm [D.E. 1] be GRANTED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 29th day of September, 2022.

*[Signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
Counsel of Record