UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21542-BLOOM/Otazo-Reyes**

MORGAN STANLEY
SMITH BARNEY LLC, and
MORGAN STANLEY
SMITH BARNEY FINANCING LLC,

      Petitioners,

v.

IZHAR SHEFER,

      Respondent.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Morgan Stanley Smith Barney LLC and Morgan

Stanley Smith Barney Financing LLC's (collectively "Petitioners") Petition to Confirm Arbitration

Award, ("Petition to Confirm") ECF No. [1], Respondent Izhar Shefer's Motion to Vacate

Arbitration Award ("Motion to Vacate"), ECF No. [9], and Respondent's Motion for Leave to File

Amended Motion to Vacate, ECF No. [30] ("Motion to Amend"). The Petition and Motions were

referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a Report and

Recommendation, ECF Nos. [10], [16]. On September 13, 2022, Magistrate Judge Otazo-Reyes

held a hearing on the Petition to Confirm, Motion to Vacate, and Motion to Amend. *See* ECF No.

[31]. On September 29, 2022, Judge Otazo-Reyes issued a Report and Recommendation, ECF No.

[35], ("R&R"), recommending that Respondent's Motion to Amend be granted, Respondent's

Amended Motion to Vacate, ECF No. [30-1] be deemed filed and denied, and Petitioners' Motion

to Confirm be granted. *See* ECF No. [35] at 2. The R&R advised the parties that objections to the

R&R must be filed within fourteen (14) days of the R&R. *Id.* Respondent thereafter filed

Objections to the Magistrate Judge's R&R, ECF No. [36] ("Objections"), and Petitioners filed a Response in Opposition to the Objections. ECF No. [41] ("Response to Objections") to which Respondent filed a Reply, ECF No. [45] ("Reply").

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court overrules Respondent's Objections and adopts the R&R.

## I.     BACKGROUND

The parties do not dispute, and the Court finds that the proceedings set forth in the R&R are accurate and adopted.

On September 29, 2022, Judge Otazo-Reyes issued the R&R in which she recommended that Respondent's Motion to Amend be granted, Respondents Amended Motion to Vacate be deemed filed and denied, and Petitioners' Motion to Confirm be granted. ECF No. [35]. Respondent filed his Objections to the R&R, asserting that Judge Otazo-Reyes erred in (1) concluding that the arbitral panel ("Panel") had discretion to sanction him under Financial Industry Regulatory Authority ("FINRA") Rule 13212; and (2) ruling that vacutur [sic] was improper based on Petitioners' failure to produce evidence. ECF No. [36]. Petitioners respond that the arbitration panel did not exceed its authority when it dismissed Respondent's Counterclaim with prejudice as a sanction pursuant to FINRA Rule 13212, Judge Otazo-Reyes correctly rejected Respondent's argument that the arbitration award was procured by undue means, and Respondent's Objections present the same arguments already presented to the Panel, Judge Otazo-Reyes, and to this Court. ECF No. [41]. Respondent replies and raises largely the same arguments presented in his Objections. ECF No. [45].

## II.     LEGAL STANDARD

### A.  Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B.  Confirming Arbitration Award

The Supreme Court has recognized an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985);

*see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985) (noting that where parties have seen fit to adopt arbitration clauses in their agreements, there is a "strong federal policy in favor of enforcing [them]"). Since the United States' accession to the New York Convention in 1970 "and the implementation of the Convention in the same year by amendment of the Federal Arbitration Act, that federal policy applies with special force in the field of international commerce." *Mitsubishi Motors*, 473 U.S. at 631; *see also Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 92 (2d Cir. 1999) ("The adoption of the Convention by the United States promotes the strong federal policy favoring arbitration of disputes, particularly in the international context.").

Chapter 2 of the Federal Arbitration Act ("FAA") ratifies and incorporates the New York Convention. *See* 9 U.S.C. §§ 201-208; *see also Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1290 (11th Cir. 2004). "When reviewing an arbitration award, 'confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmations or grounds for refusal to confirm.'" *Chelsea Football Club Ltd. v. Mutu*, 849 F. Supp. 2d 1341, 1344 (S.D. Fla. 2012) (quoting *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007)).

Section 10 of the FAA permits courts to vacate arbitration awards under the following grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Finally, "the party seeking to avoid summary confirmance of an arbitral award has the heavy burden of proving that one of the . . . defenses applies." *Sural (Barbados) Ltd. v. Gov't of the Republic of Trinidad*, No. 1:15-CV-22825-KMM, 2016 WL 4264061, at *3 (S.D. Fla. Aug. 12, 2016) (quoting *VRG Linhas Aereas S.A. v. MatlinPatterson Glob. Opportunities Partners II L.P.*, 717 F.3d 322, 325 (2d Cir. 2013)).

## III.   ANALYSIS

As stated above, Respondent filed his Objections to the R&R, asserting that Judge Otazo-Reyes erred in (1) concluding that the Panel had discretion to sanction him under FINRA Rule 13212; and (2) ruling that vacutur (sic) was improper based on Petitioners' failure to produce evidence. ECF No. [36]. Petitioners respond that the Panel did not exceed its authority when it dismissed Respondent's Counterclaim with prejudice as a sanction pursuant to FINRA Rule 13212, Judge Otazo-Reyes correctly rejected Respondent's argument that the arbitration award was procured by undue means, and Respondent's Objections present the same arguments already presented to the Panel, Judge Otazo-Reyes, and to this Court. ECF No. [41].

### A.  The Panel's Authority to Sanction

Respondent's first objection is that the Magistrate Judge erred in her reliance on *Pochat v. Lynch*, 12-22397-CIV, 2013 WL 4496548 (S.D. Fla. Aug. 22, 2013), in concluding that the Panel did not exceed its authority when it found that dismissal of Respondent's Counterclaim pursuant to FINRA 13212 was "justified in light of the amount of orders disregarded before and during the hearing, the unpredictable actions of Respondent's counsel during the hearing, and the need for excessive executive sessions resulting therefrom." ECF No. [36] at 5 (quoting ECF No. [35] at 8). Petitioners respond that Respondent's claim that the Magistrate Judge was wrong in upholding the Panel's dismissal of his Counterclaim with prejudice is unsupported. ECF No. [41] at 5.

### i.  Applicable Law

FINRA Rule 13212(c) reads, "The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective." FINRA Rule 13212(c). "[E]ven if a panel determines that sanctions are appropriate for a discovery violation, the panel has wide latitude in determining what particular sanction or sanctions to impose." *Pochat v. Lynch*, 12-22397-CIV, 2013 WL 4496548, at *11 (S.D. Fla. Aug. 22, 2013). "[W]hether the panel correctly interpreted Rule 13212(c) is beyond the scope of our review. So long as the panel arguably applied the Rule— and it did—we may not disturb its award." *Piston v. Transamerica Capital, Inc.*, 823 F. App'x. 553, 557 (10th Cir. 2020) (citing *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

### ii.  Arguments

Respondent argues that in *Pochat*, the Court concluded that FINRA rules do not mandate an award of sanctions. ECF No. [36] at 5. He suggests that, unlike the discretion afforded to the Panel to deny sanctions, FINRA Rule 13212 places strict limitations on a Panel's right to issue sanctions and particularly a dismissal with prejudice. *Id.* Respondent cites an Eleventh Circuit decision and contends that "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored." *Id.* (quoting *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993)). Petitioners respond that in *Phipps*, the Eleventh Circuit considered a dismissal with prejudice under Fed. R. Civ. P. 37, rather than FINRA Rule 13212, and found that the district court did not abuse its discretion in dismissing the case with prejudice without first considering lesser sanctions. ECF No. [41] at 7 (citing *Phipps*, at 790). Respondent replies that he cited *Phipps* for the contention that dismissal with prejudice is only warranted where a party's conduct was due to willfulness, bad faith, or fault. ECF No. [45] at 5.

The Court notes that the cases cited by Respondent concern Rule 37 sanctions rather than FINRA Rule 13212 sanctions and are therefore inapplicable here. *See McCabe v. Daimler AG*, 1:12-CV-2494-MHC, 2015 WL 11215809 (N.D. Ga. Jan. 7, 2015); *Benac v. Wal-Mart Stores, Inc.*, 3:04CV460/MCR/EMT, 2006 WL 8444450 (N.D. Fla. June 8, 2006).

Respondent also asserts that he was deprived of the opportunity to respond to Petitioners' request that the Panel dismiss his Counterclaim with prejudice. He argues that, had he been given that opportunity, he would have articulated that his failures and his counsel's failures to comply with the Panel's orders were not material and intentional. ECF No. [36] at 12-13. Petitioners respond that Respondent merely reiterates arguments previously presented to the panel and in his original briefing to this Court, which Judge Otazo-Reyes considered in the R&R. ECF No. [41] at 5. Respondent replies that the R&R never reached the issue of whether Respondent's actions were material and intentional. ECF No. [45] at 4.

### iii.  Analysis

On July 16, 2021, Petitioners orally moved to Dismiss Respondent's Counterclaim without prejudice and the Panel granted that motion. ECF No. [41] at 6. On July 17, 2021, after Petitioners claimed that Respondent violated a July 16, 2021, order regarding substitution of counsel, Petitioners thereafter moved to dismiss the Counterclaim with prejudice and the Panel reserved ruling. *Id*. Respondent was given an opportunity to file his Motion to Reconsider the Dismissal of his Counterclaim and Petitioners Responded to that Motion and reiterated their request that the Counterclaim be dismissed with prejudice. *Id*.; ECF No. [36] at 8. On July 21, 2021, the Panel denied Respondent's Motion to Reconsider and granted Petitioners' Motion to Dismiss the Counterclaim with prejudice. *See* ECF No. [15-10]. The Panel explained its decision to Dismiss Respondent's Counterclaim with prejudice as follows:

7

Upon Claimants' motion, the Panel dismissed Respondent's Counterclaim with prejudice as a sanction. The Panel is mindful of the significance of the dismissal of Respondent's Counterclaim with prejudice as a sanction pursuant to FINRA Rule 13212. The Panel found the dismissal justified in light of the amount of orders disregarded before and during the hearing, the unpredictable actions of Respondent's counsel during the hearing, and the need for excessive executive sessions resulting therefrom.

See ECF No. [1-1] at 5.

It is evident from the language of the FINRA Award, that the Panel considered and applied FINRA Rule 13212 because the Panel expressly stated that it was "mindful of the significance of the dismissal of Respondent's Counterclaim with prejudice as a sanction pursuant to FINRA Rule 13212." *Id*. Although the Award did not specify a material or intentional failure to comply with its orders, the Panel did explain that it "found the dismissal justified in light of the amount of orders disregarded before and during the hearing, the unpredictable actions of Respondent's counsel during the hearing, and the need for excessive executive sessions resulting therefrom." *Id*. As such, the Court is satisfied that the Panel applied the FINRA Rule. Having determined that the Panel applied the FINRA Rule, the Court does not consider Respondent's arguments that his and his counsel's failures to comply with the Panel's orders were not material and intentional, that prior warnings or sanctions had not proven ineffective, or that Respondent was improperly sanctioned for actions of his attorney. *See Wiand v. Schneiderman*, 778 F.3d 917, 926 (11th Cir. 2015) ("When reviewing an arbitration award … we may revisit neither the legal merits of the award nor the factual determinations upon which it relies.")

Accordingly, the Court agrees with the finding in the R&R. The FINRA Award is not subject to vacatur on the grounds that the FINRA Arbitration Panel exceeded their authority in dismissing Respondent's Counterclaim with Prejudice. *See* ECF No. [35] at 8.

### B.  Whether FINRA Award was Procured by Undue Means

In the R & R, the Magistrate Judge concluded that Respondent failed to produce sufficient evidence showing that the FINRA Award was procured by undue means. Respondent objects to the Magistrate Judge's ruling that vacatur was improper where Petitioners improperly withheld relevant and discoverable evidence. ECF No. [36] at 15. Specifically, Respondent contends that Petitioners improperly withheld (1) Petitioners' internal investigation Report on his former co-worker, Matthew Singer's ("Singer") wrongdoings; (2) Singer's complete disciplinary record and file containing all complaints (in any form) ever made against him by a client while employed by Petitioners; and (3) Petitioners' proof that it filed a copy of the investigation report and findings on Singer with FINRA. *Id*. Respondent contends that the Magistrate Judge failed to consider his argument and the evidence he provided. *Id*. at 19-20. Petitioners respond that the Magistrate Judge found that Respondent did not meet the high standard that this particular ground for vacatur requires because he failed to present clear and convincing evidence that Petitioners engaged in fraud that was not discoverable during the arbitration. ECF No. [41] at 4.

### i. Applicable Law

"The term 'undue means' must be read in conjunction with the words 'fraud' and 'corruption' and thus requires proof of intentional misconduct." *Liberty Sec. Corp. v. Fetcho*, 114 F. Supp. 2d 1319, 1321 (S.D. Fla. 2000). The Eleventh Circuit has held as follows:

> In reviewing cases under § 10(a), courts have relied upon a three part test to determine whether an arbitration award should be vacated for fraud. First, the movant must establish the fraud by clear and convincing evidence. Second, the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration. Third, the person seeking to vacate the award must demonstrate that the fraud materially related to an issue in the arbitration.

> *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir. 1988).

9

Case No. 22-cv-21542-BLOOM/Otazo-Reyes

### ii. Arguments

Respondent argues that Petitioners failed to turn over discovery that the Panel ordered to be turned over. The relevant order, dated November 6, 2019, states:

> Document Request No. 4: Morgan Stanley shall produce Matt Singer's Statement of Claim against Morgan Stanley and Morgan Stanley's Answer and Defenses to Matt Singer's Claim.
>
> Document Request No. 5: Morgan Stanley shall produce written customer complaints made against Matt Singer, Morgan Stanley's responses to such complaints, and any settlement agreements related to such complaints, with customer information redacted.
>
> Document Request Nos. 6,7, 8, and 9: Morgan Stanley shall produce Matt Singer's personnel file, and documents maintained i [sic] the registration and compliance department and the complex office relating to Mr. Singer. The requests seek documents related the the [sic] matters in controversy and documents do not contain information protected by any privilege and the documents were originated as a matter within the ordinary course of business at the heart of the controversy.

ECF No. [341] at 3.

Petitioners respond that "[i]n March 2020 [Respondent] confirmed that [Petitioner] had produced all documents requested by [Respondent] and ordered by the Panel." ECF No. [41] at 4. Respondent did not request the internal investigation file until March of 2022, and it objected to the disclosure on privilege grounds. *Id*. Petitioners contend that Respondent never filed a motion to compel and never requested the other two items he now claims provide grounds for vacatur. *Id*. Petitioners assert that Respondent did not prove with clear and convincing evidence that Petitioners engaged in fraud and therefore Judge Otazo-Reyes correctly recommended Respondent's Amended Motion to Vacate be denied. *Id*. at 5.

### iii. Analysis

Applying *Bonar*, the Court determines Respondent failed to demonstrate fraud by clear and convincing evidence. Respondent requested certain documents related to Singer, and the Panel ordered Petitioner to turn over those documents in November 2019. In March of 2020, Respondent

moved to compel Petitioner to turn over documents it had not turned over pursuant to the November 2019 order, *See* ECF No. [19-16]. However, only one week after filing his Motion to Compel, on March 11, 2022, Respondent withdrew his Motion to Compel because "Morgan Stanley did not fail to comply with the order." *See* ECF No. [19-17]. In the same document in which he withdrew his Motion to Compel, Respondent articulated his intent to file a Motion to Compel the documents relating to Singer that he now claims were fraudulently withheld. *See id*. There is no evidence in the record that Respondent ever filed such a Motion to Compel, and Petitioner denies that such a Motion was ever filed. *See* ECF No. [41] at 4. Because Respondent has not shown that Petitioner deceived him or the Panel, the Court finds that Respondent has failed to present clear and convincing evidence that Petitioner procured the Award by fraud or undue means.

Accordingly, the Court agrees with the Magistrate Judge's finding that Respondent failed to meet the standard for showing that the FINRA Award was procured by undue means.

## IV.   CONCLUSION

Upon a comprehensive *de novo* review, the Court finds Magistrate Judge Otazo-Reyes's R&R to be well reasoned and correct on all matters.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.   Defendant's Objections, **ECF No. [36]**, are **OVERRULED**.

2.   The R&R, **ECF No. [35]**, is **ADOPTED**.

3.   Respondent's Motion to Amend, **ECF No. [30]**, is **GRANTED**.

4.   Respondent's Amended Motion to Vacate, **ECF No. [30-1]**, is **DEEMED FILED**.

5.   Respondent's Amended Motion to Vacate, **ECF No. [30-1]**, is **DENIED**.

6.   Respondent's Motion to Vacate, **ECF No. [9]**, is **DENIED as moot**.

7.   Petitioner's Petition to Confirm, **ECF No. [1]**, is **GRANTED**.

Case No. 22-cv-21542-BLOOM/Otazo-Reyes

8.  The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 14, 2022

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

12